AO 91 (Rev. 11/11)   Criminal Complaint

Sealed
Public and unofficial staff access to this instrument are prohibited by court order

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
**FILED**
*October 06, 2023*
Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| GIANNI ASKINS | ) | Case No. **4:23-mj-2007** |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  June 04, 2023  in the county of  Brazoria  in the
Southern District of  Texas , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, § 924 (a)(1)(A). | Making a false statement to be kept in the records of a Federal Firearms Licensed (FFL) dealer. |

This criminal complaint is based on these facts:

See attached affidavit of probable cause

☑ Continued on the attached sheet.

*George Ryan Taylor*
*Complainant's signature*

George Ryan Taylor, Special Agent ATF
*Printed name and title*

Sworn to before me telephonically.

Date: October 06, 2023

*Judge's signature*

City and state:   Houston, Texas   Sam S. Sheldon, United States Magistrate Judge
*Printed name and title*

Sealed
Public and unofficial staff access to this instrument are prohibited by court order

4:23-mj-2007

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Special Agent George Ryan Taylor, duly sworn do hereby depose and state:

1. I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, and have been so employed since 2002. I am presently assigned to the ATF Houston Field Division, Houston Field Office. As a Special Agent with the ATF, my duties and responsibilities include conducting criminal investigations of individuals and entities for violations of federal law, particularly those laws found in Title 18 of the United States Code. I have previously participated in investigations which resulted in the arrests, searches, and seizures of individuals and or property.

2. Currently, I am assigned to the ATF Houston Field Office, Group III, which is responsible for the investigations of individuals who have committed federal firearms violations, relative to the attempted/acquisition and possession of firearms. These violations include, but are not limited to, the unlawful attempted/possession of firearms by prohibited individuals, providing false information to Federal Firearms Licensed (FFL) dealers during the acquisition of firearms, straw purchasing, which is the illegal purchasing of a firearm on behalf of another individual, firearms trafficking, which is the movement of firearms out of lawful commerce into the illegal marketplace, and the use of firearms in furtherance of criminal acts.

3. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy. This training included several hundreds of hours of comprehensive, formalized, and specialized instruction on numerous subjects including, but not limited to firearms and ammunition classification, firearms proficiency, firearms trafficking, the illicit

possession of firearms/ammunition, explosives classification, bombing scene investigation, arson investigation, physical surveillance, electronic surveillance, and undercover operations. I have also consulted with other federal agents who have extensive and specialized experience in conducting firearms and/or ammunition trafficking, violent crime investigations, and other investigations of violations of federal law.

4. On June 04, 2023, GIANNI ASKINS, hereafter referred to as ASKINS, executed a Federal Firearms Transaction Record (ATF Form 4473) at Academy Sports and Outdoor #44, a Federal Firearms Licensee (FFL), located at 120 Highway 332 West, Lake Jackson, Texas 77566. ASKINS purchased one (1) firearm described as a Savage Arms, Model: M64, .22 caliber rifle, bearing serial number 4276259. While acquiring said firearm, in response to Question 21(k) "Have you ever been convicted in any court of a misdemeanor crime of domestic violence……," ASKINS indicated an answer of NO.

5. Your affiant learned through further investigation that the Federal Bureau of Investigation (FBI), National Instant Criminal Background Check System (NICS), initially authorized Academy Sports to "proceed" with the firearms transaction and the aforementioned firearm was then transferred to ASKINS. The FBI then later reversed their decision and denied the transaction based on ASKINS having a disqualifying misdemeanor conviction for assault causing bodily injury to a family member. The ATF was then notified to recover the aforementioned firearm from ASKINS due to him being prohibited from possessing a firearm.

6. It was learned that the victim of the misdemeanor assault conviction shares a child in common with ASKINS, thus making the victim a "qualifying" victim for the purpose of ASKINS being prohibited from possessing a firearm under Title 18, U.S.C., 922(g)(9). This misdemeanor conviction prohibits ASKINS under Federal law from possessing a firearm.

7.  Further review of ASKIN's ATF Form 4473 confirmed that he signed his name on line 22 "Transferee's/Buyer's Signature" signifying that all answers to Section B of the form were true and correct when in fact they were not.

8.  On June 13, 2023, ATF agents made contact with ASKINS and explained to him that he was prohibited under Federal law from possessing firearms due to his misdemeanor conviction for domestic violence and that the ATF was seeking his cooperation in returning the firearm.  ASKINS was agreeable to transferring the firearm to a non-prohibited family member ("third-party transfer") thru the ATF.  Before the firearm could be transferred, ASKINS advised the ATF that he will no longer cooperate with law enforcement and that he does not want the law in his life.  Additional attempts to retrieve the aforementioned firearm from ASKINS were met with negative results.

9.  It was learned that on August 28, 2023, ASKINS attempted to purchase an additional firearm (Make: Taurus, Model: PT111G2A G2C, 9mm pistol) from Tom's Pawn (Federal Firearms Licensee), located at 417 W. Mulberry, Angleton, TX 77515.  The ATF Form 4473 for this transaction was reviewed.  While acquiring said firearm, in response to Question 21(k) "Have you ever been convicted in any court of a misdemeanor crime of domestic violence……," ASKINS again indicated an answer of <u>NO</u>.

10.  Further review of ASKIN's ATF Form 4473 confirmed that he signed his name on line 22 "Transferee's/Buyer's Signature" signifying that all answers to Section B of the form were true and correct when in fact they were not.

11.  During this transaction, ASKINS was denied by the Federal Bureau of Investigation (FBI), National Instant Criminal Background Check System (NICS), and Toms Pawn did not transfer the aforementioned firearm to ASKINS.  The denial was based on the same

misdemeanor conviction for assault causing bodily injury to a family member that ASKINS was aware of.

12. ATF Agents reviewed video footage of ASKINS filling out the ATF Form 4473 at Tom's Pawn and also confirmed with an employee that ASKINS provided a copy of his Texas driver's license, further confirming his identity during this transaction.

13. Based on the above facts, your affiant believes there is probable cause that GIANNI ASKINS knowingly provided a false statement during the purchase of a firearm in violation of Title 18, U.S.C. §924 (a)(1)(A).

Affidavit sworn to telephonically.

*George Ryan Taylor*
George Ryan Taylor,
Special Agent, ATF

Sworn to before me and subscribed telephonically on the 6th Day of October, 2023 and I find probable cause.

Honorable Sam S. Sheldon
United States Magistrate Judge